## 32894.   WEBB *v.* NATIONAL LIFE & ACCIDENT INSURANCE CO.

DECIDED MARCH 17, 1950.

*Milam & Smith, Robert G. Smith, James Glenn Lamar,* for plaintiff.

*William F. Buchanan, Mary J. Nelson,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) "A contract may be absolute or conditional. In the former, every covenant is independent, and the breach of one does not relieve the obligation of another. In the latter, the covenants are dependent the one upon the other, and the breach of one is a release of the binding force of all dependent covenants. The classification of every contract must depend upon a rational interpretation of the intention of the parties." Code § 20-109.

"Conditions may be precedent or subsequent. In the former, the condition must be performed before the contract becomes absolute and obligatory upon the other party. In the latter, the breach of the condition may destroy the party's rights under the contract, or may give a right to damages to the other party, according to a true construction of the intentions of the parties." § 20-110. By the provisions of the insurance contract the insurer would pay the amount of insurance to the beneficiary on receipt of due proof of the death of the insured during the continuance of the policy, and on receipt of due proof of accidental death as defined in the policy the insured would pay a like amount to the beneficiary. In order for there to be a continuance of the policy it was provided that the weekly premiums must be paid when due, or within the grace period of four weeks, or else the policy would lapse, entitling the insured and eventually the beneficiary to certain non-forfeiture benefits, under certain conditions, but if the insurance policy was lapsed in the present case at the time of the death of the insured, it could not have been in force for a sufficient length of time for any of these non-forfeiture benefits to become applicable, inasmuch as the first non-forfeiture, extended insurance, came into effect automatically upon lapse, provided the insurance had been in force for 26 weeks, at least. Without determining the necessity of furnishing due proof of death to the insurer under the alleged facts in the present case, the case is controlled by the effect of the provisions of the insurance contract in regard to a continuance of the policy by a payment of the premiums when due or within the grace period. In substance, the petition shows that the policy was issued on September 2, 1946, and that the death of the insured occurred on November 10, 1946, solely as the result of the accidental discharge of a pistol by another. Construing the allegations of the petition most strongly against the pleader, as must be done on demurrer, there is nothing in the petition to show that there was a continuance of the policy by a payment of the weekly premiums, but on the contrary, as shown by the statement of the insurer to which reference is made in the demand of the beneficiary, the insurance policy was not in force. Under the terms of the contract involved in the present case the continuance of the policy was a condition prerequisite to the re-

covery sought, and the payment of premiums was a prerequisite to a continuance of the policy, and there is not even a general allegation showing that the insurance policy was in full force and effect or that the conditions necessary for a continuance of the policy were ever met, and no legal excuse for the non-performance of the conditions is shown. It was essential that the plaintiff make the necessary allegation in this respect to show a right of recovery. The petition failed to state a cause of action, and the general demurrer of the defendant was properly sustained.

*Judgment affirmed. Felton and Worrill, JJ., concur.*